**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

| | |
|---|---|
| Courtroom Deputy: Nick Richards | Date: February 18, 2014 |
| Court Reporter: Tammy Hoffschildt | Interpreter: Jack Mudry |
| Probation Officer: Michelle Sinaka | |

**CASE NO.** 13-cr-00391-RM

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA, | Kirsten M. E. Sinclair |
| Plaintiff, | |
| vs. | |
| 1. SELVIN DANIEL VARGAS-ZUNIGA, | David Edward Johnson |
| Defendant. | |

**COURTROOM MINUTES**

**SENTENCING HEARING
COURT IN SESSION: 10:31 a.m.**
Appearances of counsel. Defendant is present and in custody.

Interpreter sworn.

Defendant entered his plea on November 20, 2013 to Count 1 of the Indictment. The Court formally accepts the Plea Agreement at this hearing.

Discussion regarding Unopposed Motion for a One Offense Level Downward Variance in Exchange for Appeal Waiver [Doc. No. 24, filed January 30, 2014].

**ORDERED:**  Unopposed Motion for a One Offense Level Downward Variance [24] is **GRANTED**.

Counsel for the government addresses the Court regarding sentencing.

Defendant's counsel makes a statement on behalf of the defendant, offers information

in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant addresses the Court regarding sentencing.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Selvin Daniel Vargas-Zuniga, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **TIME SERVED**.

**ORDERED:** **NO** term of supervised release shall be imposed. The defendant is advised that if enters or remains in the United States illegally, possesses a firearm or illegally possesses a controlled substance, he may be subject to further federal prosecution.

**ORDERED:** **Conditions** of Supervised Release that:
- () Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- () Defendant shall not commit another federal, state or local crime.
- () Defendant shall not illegally possess controlled substances.
- () Defendant shall not possess a firearm or destructive device.
- () Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- () Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- () Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- () Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:** **Special Condition** of Supervised Release that:
- () Defendant shall participate in and successfully complete a program of testing and treatment for (drug/alcohol abuse as directed by the probation officer until such time as defendant is released from the program by the probation officer.  Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. (Defendant will be required to pay the cost of treatment as directed by the probation officer.

- ( )  If defendant is deported, he shall not re-enter the United States illegally.  If defendant re-enters the United States legally, he is to report to the nearest U.S. Probation Office within 72 hours of his return.
- ( )  Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.
- ( )  Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.
- ( )  Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the installment payment schedule.
- ( )  Defendant shall participate in and successfully complete a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant will be required to pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.
- ( )  Defendant shall be placed on home detention for a period of  months, to commence within ten days of release from imprisonment.  During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones for the above period.  The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.  The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

**ORDERED:**  Defendant shall pay a **$100.00** special assessment fee, to be paid immediately.

**ORDERED:**  **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:**  Defendant advised of right to appeal. Any notice of appeal must be filed within 14 days.

**ORDERED:**  Defendant is **REMANDED** to the custody of the U.S. Marshal, to be released to the Bureau of Immigration and Customs Enforcement.

**Court in recess: 10:51 a.m.**
**Total time: 00:20**
**Hearing concluded.**